**In re SCOTT FABRICATING, INC., Debtor.**

**David Dubois, Plaintiff,**

**v.**

**Imbr Crane, Defendant.**

**Bankruptcy No. 09–24835 JPK. Adversary No. 11–2050.**

United States Bankruptcy Court, N.D. Indiana, Hammond Division.

Sept. 28, 2012.

---

William M. Jonelis, Munster, IN, for David Dubois.

Kevin E. Steele, Burke Costanza and Cuppy LLP, Munster, IN, for Imbr Crane.

## MEMORANDUM OF DECISION

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

This adversary proceeding was commenced on April 1, 2011, by a complaint filed by David DuBois, Trustee of the Chapter 7 bankruptcy estate of Scott Fabricating, Inc. ("Trustee"). The complaint seeks to recover for the benefit of the estate an alleged preferential transfer received by the defendant IMBR Crane ("IMBR").

Pursuant to the court's order entered on August 24, 2011 (record # 16), this adversary proceeding was submitted to the court on a stipulated record: the record which controls the final determination in this case was filed as record # 21 on December 27, 2011, designated as the parties "Joint Stipulation of Facts".[1] Pursuant to the court's order, the parties have also

---

1. IMBR's counsel appears to have mis-perceived the manner in which the final determination by the court will be made, and the effect of the Joint Stipulation of Facts in relation to that determination. Attorney Steele has referred to the determination proceeding as being one for summary judgment under Fed.R.Bankr.P. 7056/Fed.R.Civ.P. 56. That is not the case. The submission of this case on a stipulated record constitutes the submission of the entire evidentiary record, and that alone will be considered by the court with respect to entry of final judgment in this case, just as if the parties had tried the case in open court and created an evidentiary record in that manner. Unlike a summary judgment proceeding in which factual inferences are drawn in favor of the party opposing a motion for summary judgment, there is no proponent in this case: the parties simply stipulated to a factual record for final determination. As a result, as would be true if the case were actually tried in open court, the court can draw inferences of fact from the Joint Stipulation of Facts without consideration of one party being a proponent and one party being an opponent.

submitted their respective legal memoranda.

The parties have stipulated to the court's jurisdiction with respect to this adversary proceeding, and with respect to the court's entry of final judgment concerning the issues raised in this adversary proceeding.[2]

The factual record upon which the court's determination will be based is comprised of paragraphs 3–20 of the Joint Stipulation of Facts. The entirety of that factual record will not be set out in this Memorandum of Decision. To the extent that particular facts are relevant to the determination, those facts will be stated hereinafter.

The Trustee has brought this action pursuant to 11 U.S.C. § 547(b). Both the Trustee and IMBR have focused upon one specific element of that statute as being determinative of this case, a focus with which the court agrees. The determinative issue is whether under the circumstances of payment made to IMBR, a "transfer of an interest of the debtor (Scott Fabricating, Inc.) in property" was made.

The Trustee asserts that the factual circumstances establish that IMBR received a preferential payment for its provision of a 30–ton crane for the erection of steel by Scott Fabricating at the Purdue University Calumet Student Housing Phase II–2008 project [see paragraph 4 of the Joint Stipulation]. IMBR asserts that no preferential transfer was made with respect to monies which it received with respect to the provision of the crane for the project.

IMBR wins.

The material facts, as found by the court based upon the record before it, are the following:

1. Berglund Construction Company entered into a contract with Purdue University as the general contractor with respect to a construction project known as the Purdue University Calumet Student Housing Phase II–2008 project.

2. Berglund Construction Company, as the general contractor, entered into a subcontract with the debtor Scott Fabricating, Inc. for work in relation to that project.

3. Scott Fabricating, Inc., as a subcontractor of Berglund, entered into a subsubcontract with IMBR for the latter's provision of a crane utilized/to be utilized by Scott Fabricating, Inc. with respect to the work to be performed on the project.

4. IMBR sent three invoices to Scott Fabricating for the provision of the crane. The negotiable instrument provided by Scott Fabricating, Inc. to IMBR with respect to those invoices was returned due to insufficient funds in Scott Fabricating, Inc.'s account. Therefore, IMBR received no payment from Scott Fabricating, Inc., its direct contractual party.

5. IMBR filed a bond claim with the Purdue University Board of Trustees pursuant to Indiana Code § 4–13.6–7–20 and 5–16–5–2 with respect to its claim for payment owed it by Scott Fabricating, Inc. The bond claim was transmitted to Travelers Insurance Company (the issuer of the bond) and to Berglund Construction Company on August 4, 2009.

5. Thereafter, negotiations occurred between Berglund and IMBR, which resulted in an agreement by which Berglund

---

**2.** Paragraph 1 of the Joint Stipulation of Facts states the parties' stipulation that this adversary "is a core proceeding under 28 U.S.C. § 157(d)(2)(f)". This is obviously a mis-designation by the parties: the correct designation is 28 U.S.C. § 157(b)(2)(F). Despite this error in nomenclature, the court deems the parties to have stipulated to this adversary proceeding being a core proceeding under the appropriate statutory reference.

paid IMBR $12,096.00 in exchange for a final waiver of lien and a letter agreeing to withdraw the bond claim made by IMBR. This agreement was effectuated: Berglund in fact paid IMBR $12,096.00; IMBR released any lien claims and its claim against the bond.

6. IMBR did not assert a claim which in any manner constituted a lien or other restriction of payment with respect to any payment to be made by Purdue University to Berglund.

7. IMBR did assert a claim against the bonding company which provided a performance/payment bond for Berglund as the obligor for the benefit of Purdue University as the obligee.

8. The court infers from the circumstances and relationships established by the record that the contract between Purdue University and Berglund required Berglund to hold Purdue University harmless from any claims for unpaid subcontractors with respect to the project. The court also infers that the bond provided by Berglund to Purdue University indemnified this contractual obligation in a manner such that IMBR was a third-party beneficiary of the bond, thereby entitling IMBR to assert a claim against the bond for the debt created by its performance of the subcontract between it and Scott Fabricating, Inc. when Scott Fabricating, Inc. did not pay IMBR with respect to that debt.[3]

9. The payment by Berglund to IMBR was done to avoid a breach of Berglund's contract with Purdue University, and to avoid a reimbursement action by Travelers Insurance Company against Berglund with respect to the claim made by IMBR against the bond had the bonding company paid that claim.

In order to succeed on his complaint, the Trustee must establish that the payment made by Berglund to IMBR involved a transfer by Berglund to IMBR of property in which Scott Fabricating, Inc. had an interest. As stated in 11 U.S.C. § 547(g), the Trustee "has the burden of proving the avoidability of a transfer under subsection (b) of [11 U.S.C. § 547]". As stated in 11 U.S.C. § 547(e)(3), for the purposes of 11 U.S.C. § 547, "a transfer is not made until the debtor has acquired rights in the property transferred". As stated in 11 U.S.C. § 101(54), a "transfer" is defined as follows:

> (54) The term "transfer" means—
>
> (A) the creation of a lien;
>
> (B) the retention of title as a security interest;
>
> (C) the foreclosure of a debtor's equity of redemption; or
>
> (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—
>
> > (i) property; or
> >
> > (ii) an interest in property.

The Trustee's assertion is essentially that Scott Fabricating, Inc. had an interest in the monies utilized by Berglund to "seal the deal" with IMBR as to the latter's release of any potential lien rights and its bond claim with respect to its contractual debt owed by Scott Fabricating, Inc. for provision of the crane by IMBR on the project. The Trustee asserts that this payment arrangement resulted in a setoff by Berglund against amounts alleged to be owed by Berglund to Scott Fabricating, Inc. There is no evidence in the record that any setoff of this nature occurred.

---

**3.** It is somewhat surprising to the court that the parties did not include in their stipulation any provisions of the contract between Berglund and Purdue University, nor any provisions of the bond issued by Travelers Insurance Company. The inferences drawn by the court are based upon the factual assertions in the record describing relationships among parties.

Scott Fabricating, Inc.'s Schedule B states that an asset of the estate is an account receivable owed by Berglund to it, in the amount of $11,316.15. Perhaps if Scott Fabricating, Inc. were to sue Berglund for the receivable disclosed in the schedules, Berglund might assert an affirmative defense of "setoff" in the circumstances of this case, but that has not occurred yet. This record establishes that Berglund made a payment *from its own funds/property* to IMBR to avert the effectuation of IMBR's claim against the Travelers Insurance Company bond and a resultant claim by Travelers Insurance Company against Berglund under the terms of that bond for the payment made to IMBR, and to avert a potential default under Berglund's contract with Purdue University. There is no evidence in this record that Scott Fabricating, Inc. had any interest whatsoever in any fund or other source of payment relating to Berglund's payment to IMBR. In order for the Trustee to succeed, the Trustee must establish that the circumstances of this case in relation to the payment made by Berglund to IMBR constitutes a "transfer" of an interest in property of Scott Fabricating, Inc., as the term "transfer" is defined by 11 U.S.C. § 101(54). There is no evidence in this record that a "transfer" was made within the definition of that statute.

The court is somewhat surprised that neither party chose to refer to cases decided in other jurisdictions in circumstances parallel to those in this case. Although not controlling with respect to this court, these cases exist and are instructive. While certain of the following cases involve a payment agreement between parties in the positions of Berglund and Scott Fabricating, Inc. in this case (a circumstance not involved in this case), or the issuance of a joint check (a circumstance not involved in this case), the basic principle that the circumstances of the instant case do not give rise to a preferential transfer is established by the following: *In re Underground Storage Tank Technical Services Group, Inc.*, 212 B.R. 564 (Bankr. E.D.Mich.1997); *In re Underground Storage Tank Technical Services Group, Inc.*, 212 B.R. 574 (Bankr.E.D.Mich.1997); *In re Flooring Concepts, Inc.*, 37 B.R. 957 (9th Cir. BAP 1984); *In re Steelvest, Inc.*, 112 B.R. 852 (Bankr.W.D.Ky.1990); *In re McShane, Inc.*, 328 B.R. 430 (Bankr.D.Md. 2005). Principally, in consonance with those cases, there is no evidence in this case that Scott Fabricating, Inc. had any control over, or interest in, the source of payment to IMBR.

The transfer which the Trustee seeks to avoid in this case pursuant to 11 U.S.C. § 547(b) is the payment made by Berglund Construction Company to IMBR. The court determines that this payment does not constitute an avoidable preference under 11 U.S.C. § 547(b).

IMBR has raised several affirmative defenses with respect to the Trustee's action. The court is skeptical of the applicability of these defenses; however, given the determination made by the court, the discussion of these affirmative defenses is unnecessary.

IT IS ORDERED, ADJUDGED AND DECREED that the Trustee shall take nothing by his complaint against IMBR Crane, and that judgment in this adversary proceeding will be entered in favor of IMBR Crane.